AO 248 (Rev. 08/20) ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A)

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 8/28/2022

UNITED STATES OF AMERICA

v.

FAUSTO JULIO CORNIEL LOPEZ

Case No. 1:14-cr-562

ORDER ON MOTION FOR
SENTENCE REDUCTION UNDER
18 U.S.C. § 3582(c)(1)(A)

(COMPASSIONATE RELEASE)

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission,

IT IS ORDERED that the motion is:

☐ GRANTED

  ☐ The defendant's previously imposed sentence of imprisonment of _____ is reduced to _____. If this sentence is less than the amount of time the defendant already served, the sentence is reduced to a time served; or

  ☐ Time served.

  If the defendant's sentence is reduced to time served:

    ☐ This order is stayed for up to fourteen days, for the verification of the defendant's residence and/or establishment of a release plan, to make appropriate travel arrangements, and to ensure the defendant's safe release. The defendant shall be released as soon as a residence is verified, a release plan is established, appropriate travel arrangements are made,

and it is safe for the defendant to travel. There shall be no delay in ensuring travel arrangements are made. If more than fourteen days are needed to make appropriate travel arrangements and ensure the defendant's safe release, the parties shall immediately notify the court and show cause why the stay should be extended; or

☐ There being a verified residence and an appropriate release plan in place, this order is stayed for up to fourteen days to make appropriate travel arrangements and to ensure the defendant's safe release. The defendant shall be released as soon as appropriate travel arrangements are made and it is safe for the defendant to travel.  There shall be no delay in ensuring travel arrangements are made. If more than fourteen days are needed to make appropriate travel arrangements and ensure the defendant's safe release, then the parties shall immediately notify the court and show cause why the stay should be extended.

☐ The defendant must provide the complete address where the defendant will reside upon release to the probation office in the district where they will be released because it was not included in the motion for sentence reduction.

☐ Under 18 U.S.C. § 3582(c)(1)(A), the defendant is ordered to serve a "special term" of ☐ probation or ☐ supervised release of _____ months (not to exceed the unserved portion of the original term of imprisonment).

☐ The defendant's previously imposed conditions of supervised release apply to the "special term" of supervision; or

☐ The conditions of the "special term" of supervision are as follows:

2

☐ The defendant's previously imposed conditions of supervised release are unchanged.

☐ The defendant's previously imposed conditions of supervised release are modified as follows:

☐ DEFERRED pending supplemental briefing and/or a hearing. The court DIRECTS the United States Attorney to file a response on or before          , along with all Bureau of Prisons records (medical, institutional, administrative) relevant to this motion.

☒ DENIED after complete review of the motion on the merits.

☒ FACTORS CONSIDERED (Optional)

The Court has considered Mr. Corniel-Lopez's application (the "Application"), Dkt. No. 195, as well as the materials presented to the Court in connection with his sentencing. The Court recognizes that the "First Step Act freed district courts to consider the full slate of extraordinary and compelling reasons that an imprisoned person might bring before them in motions for compassionate release." United States v. Brooker, 976 F.3d 228, 237 (2d Cir. 2020). Mr. Corniel Lopez has not shown extraordinary and compelling circumstances in support of his application for his compassionate release. Mr. Corniel-Lopez asserts that three things justify a finding of extraordinary and compelling circumstances in his case: "(1) the COVID-19 pandemic and the resulting conditions of my confinement have been far more difficult than anticipated by the Court at sentencing; (2) the fact that I am not eligible for the benefits of 18 U.S.C. Section 3624(c) . . . due to my status as a deportable alien; and (3) my laudable rehabilitative efforts . . . ." Application at 1. While the Court has broad latitude in this area, these are not extraordinary or compelling circumstances warranting Mr. Corniel Lopez's early release.

3

First, while laudable, Mr. Corniel-Lopez's undocumented efforts to rehabilitate himself are not extraordinary; nor is the effect of his immigration status on his sentence.  Similarly, while the Court is empathetic about the challenges caused by the COVID-19 pandemic, the conditions described by the Application by themselves do not justify Mr. Corniel-Lopez's early release.  The argument would apply to many inmates who served time during the pandemic.  So the conditions that Mr. Corniel-Lopez describes do not individually or cumulatively constitute extraordinary or compelling reasons for his early release.

Moreover, assuming, without holding, that the conditions described by Mr. Corniel-Lopez were sufficient to permit the Court to conclude that extraordinary and compelling circumstances that might support a modification of his sentence exist in this case, after evaluating the factors set forth in 18 U.S.C. § 3553(a), the Court does not believe that a modification of Mr. Corniel-Lopez's sentence is appropriate at this time. The Court appreciates the argument presented by Mr. Corniel-Lopez that because the consequences of the COVID-19 pandemic made his term of imprisonment more punitive than anticipated at the time of sentencing.   However, the Court continues to believe that the sentence imposed was, and remains, appropriate, notwithstanding the existence of the COVID-19 pandemic.  The Court need not review again here all of the considerations that weighed on it at sentencing.  The Court begins by noting that his offense bore a mandatory minimum sentence of 120 months; and a guidelines range of 120-135 months.  Sentencing Transcript, Dkt. No. 134 ('Tr."), 11:8-13.  That is because the defendant was actively engaged in "trafficking very large amounts of heroin."  Tr. at 17:4-5.  The Court continues to believe that sentence is necessary in order to achieve the goals of sentencing established in the statute, including the need for personal and general deterrence.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to terminate the motion pending at Dkt. No. 195 and to mail this order to Mr. Corniel-Lopez.

☐ DENIED WITHOUT PREJUDICE because the defendant has not exhausted all administrative remedies as required in 18 U.S.C. § 3582(c)(1)(A), nor have 30 days lapsed since receipt of the defendant's request by the warden of the defendant's facility.

IT IS SO ORDERED.

Dated:

August 28, 2022

_____
GREGORY H. WOODS
UNITED STATES DISTRICT JUDGE